111 F.3d 27
 C & B SALES & SERVICE, INC., Plaintiff--Counter
Defendant--Appellant-Cross-Appellee,
v.
Maxwell C. McDONALD, Jr., Defendant--Appellee-Cross-Appellant,
v.
Robert L. HUMPHREY, Compressor Operating Inc.,
Defendants--Counter Claimants--Appellees,
Compressor Components Corp., Compression Components Corp.,
erroneously referred to as Compressor Components
Corp., Defendants--Appellees.
 No. 95-30550.
 United States Court of Appeals,
Fifth Circuit.
 April 14, 1997.
 
 Appeal from the United States District Court for the Western District of Louisiana.
 Steven G. Durio, Durio, McGoffin & Stagg, Lafayette, LA, Carter O. Bise, Floyd J. Logan, Logan & Bise, Gulfport, MS, William E. Logan, Jr., Gregory Jesse Logan, William E. Logan Jr. & Associates, Lafayette, LA, for C & B Sales & Service, Inc.
 Robert L. Cabes, Karen Theresa Bordelon, Milling Benson, Woodward, Hillyer, Pierson & Miller, Lafayette, LA, James K. Irvin, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, LA, for McDonald.
 Kenneth M. Henke, Philip E. Roberts, Roy, Bivins, Judice & Henke, Lafayette, LA, for Robert L. Humphrey, Compressor Operating Inc., Compressor Components Corp., and Compression Components Corp.
 Before JONES, SMITH and STEWART, Circuit Judges.
 OPINION ON PETITION FOR REHEARING
 (Opinion Sept. 12, 1996, 5th Cir.1996, 95 F.3d 1308)
 STEWART, Circuit Judge:
 
 
 1
 The petition for rehearing is DENIED. However, Section II of our prior opinion discussing civil law fraud in Louisiana is modified to read as follows:
 
 
 2
 C & B contends that the district court erred in dismissing its fraud claim because (1) self-dealing raises a presumption of fraud; and (2) deception with intent to benefit personally amounts to fraud. In support it cites Louisiana Civil Code Article 1953 which provides:
 
 
 3
 Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one part or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
 
 
 4
 Louisiana Civil Code Article 1957 defines the standard of proof required to prove fraud, and it provides: "Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence." See Ballard's Inc. v. North American Land Development Corp., 677 So.2d 648, 650-51 (La.Ct.App. 2d Cir.1996).[1]
 
 
 5
 C & B argues that it need not show specific intent by McDonald to cause loss, only that he intended to benefit personally. The district court rejected C & B's contention that McDonald was liable for civil fraud and in doing so, made the following findings: (1) there was insufficient evidence to find that McDonald misrepresented or suppressed the truth either to obtain an unjust advantage, cause a loss to C & B, or to inconvenience C & B; (2) McDonald did not intend to damage C & B, obtain an unjust advantage over C & B, or intend to cause a loss or inconvenience C & B; and (3) the more credible testimony established that McDonald intended for C & B to grow as a result of his actions, particularly in light of the constraints under which McDonald felt that he was operating. Our review of the district court's analysis persuades us that the district court applied the standard of proof required by Article 1957 of the Louisiana Civil Code and concluded that C & B did not prove civil fraud by a preponderance of the evidence.
 
 
 6
 Accordingly, we do not find that the district court's understanding of Louisiana law was error. Nor do we find that the district court erred in its factual determinations. We have carefully reviewed the record and conclude that the district court did not clearly err when it dismissed C & B's fraud cause of action on the ground that C & B failed to prove its fraud claim by a preponderance of the evidence. In addition, our holding is buttressed by the fact that C & B does not point to any authority, subsequent to the enactment of Articles 1953 and 1957, in support of its claims that self-dealing raises a presumption of fraud and that deception with intent to benefit personally amounts to fraud.
 
 
 7
 Even if we were to assume that C & B proved the intent element of civil fraud, we would still conclude that the district court did not err in dismissing C & B's fraud claim because C & B failed to prove actual damages, a requirement of Louisiana's civil fraud provision. See Dutton & Vaughan, Inc. v. Spurney, 600 So.2d 693, 698 (La.Ct.App. 4th Cir.), writ denied, 601 So.2d 663 (La.1992).
 
 
 8
 C & B's position is that because McDonald breached his fiduciary duties, C & B must necessarily succeed on its fraud claim. We reject C & B's contentions for it is clear to us that fraud and breach of fiduciary duty are different because fraud, as we have said, requires proof of actual loss, while fiduciary breach does not. In addition, damages for fraud differ from damages for fiduciary breach. While a fiduciary breach deprives the principal of the full benefits from a transaction, damages for fraud must be caused by the fraud, not by the separate breach of fiduciary duty. C & B has never proved that it would have received better terms on leases if McDonald had disclosed his interest; nor has it shown that it would have pursued the lost corporate opportunities. In fact, McDonald introduced unrebutted evidence that CCC charged C & B a standard rate. When questioned about that point at trial, C & B's expert said that he was unable to address it. The district court also found as a fact that C & B's financial position "virtually prohibited major capital expenditure." Thus, C & B has not shown by a preponderance of the evidence that it suffered actual loss from McDonald's failure to disclose.
 
 
 9
 Because we have determined that the district court correctly applied Louisiana law and did not clearly err in its factual findings, we affirm the district court's decision to dismiss C & B's fraud claim against McDonald. As such, we need not address C & B's request for attorneys' fees.
 
 
 
 [1]
 This Court applies the latest and most authoritative expression of state law applicable to the facts of a case. See Lamarque v. Mass. Indem. & Life Ins. Co., 794 F.2d 194, 196 (5th Cir.1986)